No. 28,657.

JAMES FAHEY, *Appellee*, v. PETER RAMSEL, *Appellant*.

(278 Pac. 715.)

Opinion filed July 6, 1929.

*C. W. Reeder,* of Troy, and *K. B. Randolph,* of St. Joseph, Mo., for the appellant.

*Arthur S. Brewster,* of Troy, *Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in accounting and for a part of the profits of a partnership, or, more accurately, a joint enterprise, engaged in by plaintiff and defendant in the purchase and sale of fruit, principally apples. The action was tried to a jury, which returned a verdict for plaintiff for $1,000, which verdict was approved by the court and judgment rendered thereon. The defendant has appealed.

Plaintiff alleged, in substance, that he and defendant entered into an oral agreement by which defendant was to purchase the fruit and place it on board cars at Blair, Kan., at cost, and ship it in carload lots to places designated by plaintiff, who was to sell the same; that after paying from the proceeds of the sale the freight and other expenses, plaintiff was to receive one-half of the profits; that twelve cars of fruit were purchased, shipped and sold under this agreement; that defendant had received all the proceeds and had all the records pertaining to the costs and expenses of the business,

and that there had been a substantial profit in the business, the amount of which was unknown to plaintiff. The prayer was for an accounting and a money judgment for half of the profits.

The answer admitted the contract as alleged by plaintiff, and as to each car of fruit shipped alleged that it cost a stated sum, and that a named sum was received as the proceeds of the sale. A motion to make the answer more definite by stating from whom the fruit was purchased, and the cost thereof, and the other expenses as to each car, was sustained. Defendant then filed an amended answer, alleging that the agreement between plaintiff and defendant was that the cars of fruit were to be billed to plaintiff at the price for like fruit f. o. b. cars at Blair, Kan., and with each shipment should go a list showing the kind and quality of fruit in the car, with the price of such fruit then prevailing at Blair, and that the difference between such bills, plus other expenses and the receipts, should be divided. The answer then set out the billing of each car and the receipts from sale, which, after deducting the sum stated in the bills and other alleged expenses, showed a loss. The answer also contained a counterclaim of several items. The reply was a general denial.

It will be noted there is a substantial difference in the agreement between the parties as alleged by plaintiff and that as alleged by defendant in his amended answer, plaintiff having alleged that the profit to be divided was the difference between the actual cost of the fruit plus the expenses and proceeds of sale, while defendant alleged that the profits were to be the difference between the sums at which the several cars of fruit were billed, plus expenses, and the receipts. On the trial plaintiff testified that the billing of the cars was prepared for trade purposes, was not intended between the parties to represent actual cost, and was so understood. Defendant testified that he did not know from whom he purchased the fruit shipped in the several cars, or the actual cost thereof, nor did he have any books or records from which that could be ascertained. Plaintiff produced several witnesses who testified as to the market value of the various grades of fruit at Blair, Kan., on the date of the respective shipments. Appellant complains of this evidence. There is no merit in this complaint, for several reasons: First, it is admitted without objection; second, it is competent under defendant's answer, for he alleged that the cars of fruit were to be

billed at the prevailing prices of like fruit at Blair, Kan., at the time of the shipment, and there was an issue as to whether they were so billed; and, third, it was secondary evidence as to the cost of the fruit in view of defendant's inability or refusal to furnish the primary evidence of its cost.

Appellant next argues that the bills sent for each of these cars purporting to state their cost themselves constituted a contract, and were binding on the plaintiff. This contention is not correct. If the bills were made for trade purposes and bore no necessary relation to the cost, and if, as alleged and testified to by plaintiff, the actual cost of the fruit was to be taken as the basis for computing profits, the sums stated in the bills would not be controlling. It was the function of the jury and the trial court to weigh this evidence and determine its value.

It is next argued by appellant that there is no basis for the evidence from which the jury could have returned a verdict for an even $1,000. Defendant, by not keeping a record of actual cost and expenses, made it impossible for the jury or the court to get at the exact figure. The evidence as to the market value of the kinds and quality of fruit shipped from Blair at the dates of the respective shipments varied somewhat as testified to by the several witnesses on that question, and really was the only evidence of actual cost the jury had to go by. The amount of the judgment was within the figure as computed from the evidence of some of those witnesses, and hence it cannot be said it was not supported by evidence.

Appellant argues that since there were no separate findings of fact it is clear from the verdict that the jury did not allow defendant anything on his counterclaim. There was one item in the counterclaim of $61.43 which was admitted by plaintiff. The verdict fairly discloses that the jury took that item into consideration. The defendant offered no evidence in support of the other items alleged in his counterclaim, hence there was no reason for the jury to give consideration to it.

Finding no error in the case, the judgment of the court below is affirmed.